IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DECADE. S.A.C., LLC, et. al., | ) | |
| | ) | Case No. 18-11668 (CSS) |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |
| DAVID W. CARICKHOFF., solely in his | ) | |
| capacity as chapter 7 trustee for the estates of | ) | |
| DECADE, S.A.C., LLC., et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Proc. No.: 19-50095 (CSS) |
| | ) | |
| AARON GOODWIN, REGINA GOODWIN | ) | |
| AND ERIC GOODWIN, | ) | |
| | ) | Related Adv. Docket No. 141 |
| Defendants. | ) | |

**Memorandum Order Denying Motion For Stay Pending Appeal
For Lack Of Jurisdiction**

1.  On July 16, 2018, and October 16, 2018 Decade, S.A.C., LLC and its affiliated entities filed voluntary petitions with the United States Bankruptcy Court for the District of Delaware.[1] These chapter 7 cases are in progress. On January 23, 2019, the Trustee, on behalf of the Debtors, filed the Complaint for Declaratory Judgment Determining Property of the Debtors' Estate (the "Complaint") against Aaron, Regina, and Eric Goodwin (the "Goodwins" or the "Defendants") in connection with a dispute (the "SPA Dispute" or the "Dispute") involving the enforceability of the Share Purchase Agreement

---

[1] Del. Bankr. 18-11668, D.I. 1. The Debtors in these Chapter 7 cases are as follows: Decade, S.A.C., LLC, Gotham S&E Holdings, LLC, Decade, S.A.C. Contracts, LLC., Decade, S.A.C. II, LLC, and Decade, S.A.C. Executives, LLC (collectively the "Debtors" or "Decade").

("SPA").[2] On February 25, 2019, the Goodwins filed an Answer to the Complaint, which included four counterclaims against the Debtor.[3] On March 18, 2019, the Trustee filed the Answer to Counterclaim.[4] On June 27, 2019, this Court issued an Order Assigning Adversary Proceeding to Mediation.[5] Mediation occurred but was not successful.

2. Through the Complaint, the Trustee seeks declaratory judgment regarding the validity of SPA between the Goodwins, Decade Contracts, GAME, GSM, and their associated entities. In response to the Complaint, the Goodwins asserted four counterclaims based in fraud: (i) that the SPA is a product of fraud in the execution, (ii) fraudulent misrepresentation, (iii) fraudulent inducement, and (iv) a declaration of unenforceability.[6]

3. On August 23, 2019, the Trustee filed the Trustee's Motion for Summary Judgment, seeking summary judgment on count one of his Complaint and seeking dismissal of each of the Goodwins' four counterclaims.[7] On September 23, 2019, the Goodwins filed their Memorandum of Law in Opposition to the Trustee's Motion for

---

[2] Adv. D.I. 88 at A-516. The Share Purchase Agreement involves Decade S.A.C. Contracts, LLC ("Decade Contracts"), Goodwin Associates Management Enterprises, Inc. ("GAME"), Goodwin Sports Management, Inc. ("GSM"), and their associated entities and parties (Decade, GAME, GSM, and together with their associated entities and parties, the "Parties").

[3] Adv. D.I. 7.

[4] Adv. D.I. 21.

[5] Adv. D.I. 62.

[6] Adv. D.I. 7. Fraud in the execution, fraudulent inducement, and fraudulent misrepresentation are the first, third, and second counterclaims of the Defendants' Answer.

[7] Adv. D.I. 86. The four counterclaims for declaratory judgment include: fraud in the execution, fraudulent inducement, fraudulent misrepresentation, and unenforceability. The Motion for Summary Judgment was filed together with *The Trustee's Memorandum of Law in Support of His Motion for Summary Judgment* (D.I. 87) and the *Appendix to Memorandum of Law in Support of Motion for Summary Judgment* (D.I. 88), collectively (the "Summary Judgment Motion").

Summary Judgment.[8] In response to the Goodwin's memorandum, on September 30, 2019, the Trustee filed his Memorandum of Law in Support of His Motion for Summary Judgment.[9] The Court heard oral argument on January 6, 2020.

4.  On January 29, 2020, the Court entered its Opinion and Order in connection with Trustee's Motion for Summary Judgment.[10] The Court held that the Trustee is entitled to summary judgment on three of the Goodwins' counterclaims; specifically, for fraud in the execution, fraudulent misrepresentation, and fraudulent inducement as the Defendants cannot establish the requisite elements of these claims. Additionally, because there are unresolved questions of fact, the Court granted, in part, and denied, in part, the Trustee's motion for summary judgment on the Goodwins' fourth counterclaim for a declaration of unenforceability. Finally, the Court denied the Trustee's motion for summary judgment on count one of Trustee's Complaint.

5.  More specifically, the Court's Order provided as follows:

> For the reasons set forth in the Court's Opinion dated January 29, 2020, the Plaintiff's *Motion for Summary Judgement* filed on August 23, 2019 (Adv. D.I. 86) (the "Motion") is **GRANTED**, in part, and **DENIED**, in part. More specifically, the Court **denies** the Motion as to Count I of the Complaint, which seeks declaratory judgement regarding the enforceability and validity of the SPA, among other things. The Court **grants** in part, and **denies**, in part, the Motion as to Counterclaim IV, which seeks a declaration of unenforceability as to the SPA (collectively, the "Issues for Trial"). The Court **grants** the Motion as to (i) Counterclaim I, which seeks a declaration of fraud in the execution, (ii) Counterclaim II, which seeks a declaration of

---

[8] Adv. D.I. 101. This memorandum was filed together with the Appendix to *The Goodwins' Memorandum of Law in Opposition to the Trustee's Motion for Summary Judgment* (D.I. 102).

[9] Adv. D.I. 109 (the "Trustee's Reply"). This memorandum was filed together with *The Trustee's Reply Appendix in Support of His Motion for Summary Judgment* (D.I. 110).

[10] Adv. D.I. 132 and 133.

fraudulent misrepresentation, and (iii) Counterclaim III, which seeks a declaration of fraudulent inducement.

The parties shall meet and confer on the Issues for Trial and shall schedule a status conference with the Court within thirty days of the date hereof.

6. On February 3, 2020, the Goodwins filed a Notice of Appeal, pursuant to 28 U.S.C. § 158(a)(1) and Rule 8003(a) of the Federal Rules of Bankruptcy Procedure.[11] Subsequently, on February 12, 2020, the Goodwins filed a Motion for Stay Pending Appeal of Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgement.[12] On February 26, 2020, the Trustee filed his Opposition to the Goodwins' Motion for Stay Pending Appeal and Cross-Motion to Modify the Order on the Trustee's Motion for Summary Judgment with a supporting Declaration.[13] On March 4, 2020, the Goodwins filed their Reply in Support of Motion for Stay Pending Appeal of Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment.[14] This is the Court's decision regarding the Motion for Stay Pending Appeal.[15]

7. The Court will deny the Motion for Stay Pending Appeal because the Court was divested of jurisdiction over this matter by the preceding filing of the Notice of Appeal. While the United States Court for the District of Delaware has addressed the issue of whether a district court is divested of jurisdiction to enter a stay pending appeal

---

[11] Adv. D.I. 135.

[12] Adv. D.I. 141.

[13] Adv. D.I. 147 and 148.

[14] Adv. D.I. 155.

[15] Briefing is not complete on Cross-Motion to Modify the Order on the Trustee's Motion for Summary Judgment. Thus, this Order does not address the Cross-Motion.

after a notice of appeal has been filed, it has not directly addressed the jurisdiction of a bankruptcy court on this same question.[16]

Generally, the divestment doctrine provides:

> [The] [f]iling [of] a notice of appeal is an event of jurisdictional significance, conferring jurisdiction on the appellate court, and divesting the court of origin of its control 'over those aspects of the case involved in the appeal.' The divestment doctrine is a judge-made rule, the purpose of which is to 'prevent confusion and inefficiency if two courts were to adjudicate the same issues simultaneously.' As long as the matters in front of the lower court would not alter the appealed order, the trial court is not divested of jurisdiction. Indeed, a lower court may enforce or implement its order unless the appellant has obtained an order staying the underlying action pending appeal. Thus, courts 'are not divested of jurisdiction to decide issues and proceedings different from and collateral to those involved in the appeal.[17]

---

[16] The United States District Court for the District of Delaware is split on the issue of post-appeal bankruptcy court jurisdiction. Prior to 2004, the district court adopted the minority view, which holds that a district court does not have jurisdiction to consider a motion to stay pending appeal after a movant has filed an appeal. *See In re Peregrine Systems, Inc.*, 312 B.R. 755 (D. Del. 2004); *In re AWC Liquidation Corp.*, 292 B.R. 239, 243 (D. Del. 2003). *In re Westminister Co., Inc.*, 74 B.R. 37, 38 (D. Del. 1987). In 2008, however, the Delaware District Court held the opposite view. *See In re W.R. Grace & Co.*, No. 08-246, 2008 WL 5978951 (D. Del. Oct. 28, 2009); *In re Venoco, LLC*, Civ. No. 19-mc-07-CFC, 2020 WL 264143 (D. Del. Jan. 17, 2020). The Third Circuit has not ruled on this issue.

[17] *In re Pursuit Capital Management, LLC*, No. 14-10610, 2017 WL 2537234, at *6 (D. Del. June 9, 2017) (citations omitted).

8.      There is case law which supports the divestment doctrine as it has been stated.[18] However, there is also case law that suggests that a trial court retains the power to enter a stay once an appeal is filed.[19]

9.      In view of the uncertainty surrounding the question of a bankruptcy court's jurisdiction to issue a stay pending appeal after notice of appeal has been filed—both within and outside of the Third Circuit—this Court aligns itself with the policy driving the divestment doctrine. The purpose of the divestment doctrine is to "'prevent interference from the lower court while the appeal is pending and to conserve judicial resource by having only one court at a time review issues.'"[20] "[O]nce an appeal is pending, it is imperative that a lower court not exercise jurisdiction over those issues which, although not themselves expressly on appeal, nevertheless so impact the appeal . . . .").

10.     Granting a motion to stay pending appeal is an action that is too closely intertwined with the current issue on appeal before the district court, which would lead to confusion and less efficient case administration. By deciding not to act, this Court will maximize the integrity of the appellate process.

---

[18] *In re Lopez Cancel*, 2018 WL 2228172 (D. P.R. May 15, 2018) (holding that a bankruptcy court does not have concurrent jurisdiction with a district court once a notice of appeal is filed); In *re Kendrick Equipment Corp.* 60 B.R. 356 (Bankr. W.D. Va. 1986) (holding that the bankruptcy court did not have jurisdiction to reimpose an automatic stay when the issue was specifically implicated in an appeal taken to the district court); *In re TransTexas Gas Corp.*, 303 F. 3d 571, 579 (5th Cir. 2002) (holding that the filing of a notice of appeal of a confirmation order divested the bankruptcy court of jurisdiction over the case and placed jurisdiction in the appellate court . . . .").

[19] *In re Ho*, 265 B.R. 603 (B.A.P. 9th Cir. 2001) (holding that a bankruptcy court retains the power to enter a stay once an appeal is filed).

[20] *In re Campanile*, No. 17-24902, 2019 WL 968095, at *2 (Bankr. D. N.J. Fe. 25. 2019) (*citing In re Sacred Heart Hosp. of Norristown*, 204 B.R. 132, 143 (E.D. Pa 1997)).

11.     There is a complication in this case that makes it even more important that this Court refrain from deciding the Motion for a Stay Pending Appeal. Namely, in this Court's opinion, the appeal was improper. As noted above, the Goodwins fled their notice of appeal as from a final order, i.e., pursuant to 28 U.S.C. § 158(a)(1) and Rule 8003(a) of the Federal Rules of Bankruptcy Procedure.[21] However, bankruptcy orders granting summary judgment as to some but not all claims are generally regarded as interlocutory and are not appeable as of right, but only with leave of the appellate court.[22] In this case, the Court denied plaintiff's summary judgment motion with regard to Count One of the Complaint as well as to one of the four counterclaims. The Court further directed the parties to confer in preparation for trial. Clearly, all matters were not resolved. This question ultimately falls to the district court to decide. The Court only notes it as an additional reason not to confuse the situation further by entering a stay pending appeal.

12.     Thus, the Motion for Stay Pending Appeal is DENIED for lack of jurisdiction.

_____
Christopher S. Sontchi
Chief United States Bankruptcy Judge

Dated: March 19, 2020

---

[21] 28 U.S.C. § 158(a)(1) provides "The district courts of the United States shall have jurisdiction to hear appeals **(1)** from final judgments, orders, and decrees." Rule 8003(a)(1) of the Federal Rules of Bankruptcy Procedure provides that "An appeal from a judgment, order, or decree of a bankruptcy court to a district court or BAP under 28 U.S.C. §158(a)(1) or (a)(2) may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002."

[22] *See, e.g., In re Trinsum Group, Inc.*, 467 B.R. 734, 741 (Bankr. SDNY 2012 (citing *In re Chateaugay Corp.*, 922 F.2d 86, 90 (2d Cir. 1990)). *See also* 11 Moore's Federal Practice, § 56.130[2][a] (Matthew Bender 3d. ed.) ("Partial summary judgments do not dispose of an entire case. Therefore, they are considered interlocutory decisions rather than final decisions.").