

Troutman Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com

**Patrick Edmund Fitzmaurice**
patrick.fitzmaurice@troutman.com

April 14, 2020

**BY ECF**

Hon. Christopher S. Sontchi
United States Bankruptcy Court, District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

**Re:   In re Decade, S.A.C., LLC, Case No. 18-11668 (CSS)
        Carickhoff v. Goodwin, Adv. Proc. No. 1:19-50095 (CSS)**

Dear Chief Judge Sontchi:

Together with Ashby & Geddes, P.A., we are special counsel to David Carickhoff, the chapter 7 trustee (the "Trustee") of the Debtors and plaintiff in the referenced adversary proceeding. We write together with counsel for the Goodwins to update the Court on certain developments in this case and to request a status conference to discuss the setting of a trial date and a schedule for pre-trial submissions.

The last status conference in this matter was on February 28, 2020. Pending at that time, and the subject of the parties' discussion with the Court, were: (i) the Goodwins' appeal (the "Appeal") of the Court's January 29, 2020 order (the "Summary Judgment Order") granting in part and denying in part the Trustee's motion for summary judgment; (ii) the Goodwins' motion to stay (the "Stay Motion") the adversary proceeding pending the resolution of the Appeal; and (iii) the Trustee's Cross-Motion to Modify the Summary Judgement Order (the "Cross-Motion"). The Court denied the Stay Motion by order dated March 18, 2020 (D.I. 158).

On March 24-25, 2020, counsel for the parties met and conferred by email concerning the Appeal and Cross-Motion to modify and agreed that each would be withdrawn, and the adversary proceeding would proceed to trial. On March 26, 2020, the Goodwins filed a Notice of Voluntary Dismissal of the appeal without prejudice. (D.I. 161). That same day, the Trustee filed a Stipulation Regarding Withdrawal of the Trustee's Cross-Motion to Modify the Order on the Trustee's Motion for Summary Judgment. (D.I. 160).

After the dismissal of the Appeal and withdrawal of the Cross-Motion, on April 6, 2020, counsel for the parties met and conferred and agreed upon the issues for trial in the adversary proceeding. The parties have agreed that at trial: (i) the Trustee will seek to establish the claims in his complaint that GAME and GSM (together with all of their assets) are property of the Debtors'



**Hon. Christopher S. Sontchi**
April 14, 2020
Page 2

estates; and (ii) the Goodwins will seek to establish their Fourth Counterclaim that argues that the SPA is unenforceable.. The Goodwins also reserve the right to offer evidence in support of their affirmative defenses to the Trustee's claims, and any other rights or defenses they may have. The Trustee reserves the right to offer rebuttal evidence that notwithstanding the Debtors' failure to comply with certain obligations under the SPA, GAME and GSM are nonetheless property of the Debtors' estates because the sale transaction in the SPA should be deemed to have been consummated by virtue of the parties' performance and/or by ratification of the contract by the Goodwins.

As a result, the parties jointly request that the Court hold a status conference to discuss the setting of a trial date and a schedule for pre-trial submissions under the Court's General Order Re: Pre-Trial Procedures in Adversary Proceedings.

Respectfully submitted,

*/s/ Patrick E. Fitzmaurice*

Patrick E. Fitzmaurice


cc:    All counsel by ECF

42012162v2