# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Decade, S.A.C., LLC, et al.,[1] | Case No. 18-11668 (CSS) |
| Debtors. | (Jointly Administered) |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee for the estates of DECADE, S.A.C., et al., | |
| Plaintiff/Counterclaim-Defendant, | Adv Proc. No. 19-50095 (CSS) |
| v. | |
| AARON GOODWIN, AND ERIC GOODWIN, | |
| Defendants/Counterclaim-Plaintiffs. | |

**THE GOODWINS' OBJECTION TO THE TRUSTEE'S AND XXIII CAPITAL LIMITED'S JOINT MOTION FOR AN IMMEDIATE STAY OF ALL PROCEEDINGS PENDING APPEAL OF DISQUALIFICATION ORDER**

Aaron and Eric Goodwin (together, the "Goodwins") hereby object to the "Joint Motion for an Immediate Stay of All Proceedings Pending Appeal of Disqualification Order" (the "Motion"), (D.I. 304), filed on March 7, 2022 by (i) David W. Carickhoff, in his capacity as chapter 7 trustee (the "Trustee") for the estates of the Debtors (the "Estates"), by and through the law firm Archer & Greiner, P.C., and (ii) XXIII Capital Limited ("23 Capital" and together with the Trustee, the "Movants"), by and through disqualified special counsel Ashby & Geddes, P.A. and Pillsbury

---

[1] The Debtors and the last four digits of each Debtor's respective federal Employer Identification Number are: Decade, S.A.C., LLC (8395); Gotham S&E Holdings, LLC (5927); Decade S.A.C. Contracts, LLC (7243); Decade S.A.C. II, LLC (5679); and Decade S.A.C. Executives, LLC (9865).

Winthrop Shaw Pittman LLP (together, the "Disqualified Counsel" and prior to this Court's order of February 17, 2022, "Special Counsel"). The Goodwins respectfully state as follows:

## INTRODUCTION

This Court should not reward the continued retention of conflicted counsel with an indefinite stay of the upcoming trial to determine the amount of damages sustained by the innocent victims of fraudulent conduct and whether the claims of a lender that aided and abetted the fraud should be equitably subordinated to the victims' claims.

The present Motion is an exercise in gamesmanship. In filing the Motion on behalf of 23 Capital, Disqualified Counsel brazenly flouts this Court's order that "Special Counsel is hereby disqualified from further representing the Trustee *and 23 Capital* in connection with this litigation." (D.I. 296, ¶ 35 (emphasis added)). Compounding this foundational defect, the Motion was strategically filed at the eleventh hour: one week *after* the Goodwins' service of a comprehensive expert report in support of their damages claims, one week *before* the Court-ordered deadline for the Trustee to serve any rebuttal expert report, and approximately three weeks before the scheduled damages trial. (D.I. 279).

The Goodwins will be severely and irreparably harmed by the requested stay, which would only perpetuate the six-year-long nightmare that has befallen them since the Goodwins were defrauded outright in the sale of their businesses—at the hands of the Debtors, (*i.e.*, the legal predecessors in interest to the Trustee, who now "stands in the shoes of fraudsters"), who were in turn "aided and abetted by," among others, 23 Capital's principals and counsel, who were "[a]t best, . . . grossly negligent" and "[a]t worst, . . . downright fraudsters" themselves. (D.I. 270 at 2). Neither the public interest nor any other applicable factor favors the Movants' request to delay further this Court's determination of the effects of their unlawful conduct on the Goodwins' lives

and livelihoods.

Accordingly, and for the reasons discussed further herein, the Motion should be denied.

## COUNTER-STATEMENT OF FACTS

The Movants' "Concise Statement of Facts" references the scheduling order entered by this Court on January 19, 2022, pursuant to the parties' stipulation (the "Scheduling Order"). (Motion at 9 (citing D.I. 279)). However, the Movants fail to mention that consistent with the Scheduling Order and at the request of the Trustee's general bankruptcy counsel, Alan M. Root of the law firm Archer & Greiner, P.C., on February 28, 2022, counsel for the Goodwins served on both Mr. Root and the Trustee a comprehensive expert report detailing the bases for the Goodwins' compensatory damages and other out-of-pocket expenses. *See* Declaration of Keith W. Miller in Support of the Goodwins' Opposition to the Motion, dated March 10, 2022 ("Decl."), ¶ 2. The Motion followed one week later, on March 7, 2022.

## ARGUMENT

The Motion should be denied because the Movants fail to satisfy *any* of the applicable stay factors prescribed by the Third Circuit.

Courts in the Third Circuit "consider[] four factors in determining whether to issue a stay: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties; and (4) where the public interest lies." *In re Newton*, 2019 WL 4522119, at *1 (3d Cir. May 29, 2019). The Third Circuit explained that "[t]he first two factors are the most important and 'if the chance of success on the merits [is only] better than negligible,' and the 'possibility of irreparable injury' is low, the request for a stay fails." *Id.* (quoting *In re Revel AC, Inc.*, 802 F.3d 558, 570 (3d Cir. 2015)).

3

*(1) Movants Are Unlikely to Succeed on the Merits.* The Movants cannot succeed on their appeal because there is no basis for an immediate appeal of a disqualification order. *See Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 438-40 (1985) ("[O]rders disqualifying counsel in civil cases, *as a class*, are not sufficiently separable from the merits to qualify for interlocutory appeal."); *Comuso v. Nat'l R.R. Passenger Corp.*, 267 F.3d 331, 336 (3d Cir. 2001). As the Supreme Court has recognized, a disqualified attorney "may well have a personal interest in pursuing an immediate appeal, an interest which need not coincide with the interests of the client." *Richardson-Merrell*, 472 U.S. at 435. "As a matter of professional ethics, however, the decision to appeal should turn entirely on the client's interest." *Id.* (citing *Model Rules of Prof'l Conduct* R. 1.7(b), 2.1 (1985)).

So too here. Disqualified Counsel may themselves be aggrieved by the Court's order; but Movants tellingly fail to explain what, if any, harm is posed by the order to either of Disqualified Counsel's clients. To the extent the Trustee and/or 23 Capital, by virtue of this Court's order, obtain independent counsel and thereby "receive[s] as effective or better assistance from substitute counsel than the disqualified attorney could provide, any subsequent appeal of the disqualification ruling would fail." *Richardson-Merrell*, 472 U.S. at 439. Accordingly, the Movants' appeal (though styled as a *notice* of appeal) will likely be dismissed as an impermissible interlocutory appeal.

Setting aside the permissibility of the appeal, the law of this Circuit forecloses each of the four bases for appeal identified by the Movants, (Motion at 15-25):

*First*, the Movants insist that an order of the U.S. District Court for the District of Delaware (the "District Court"), 2020 WL 564903 (D. Del. Feb. 5, 2020), affirming this Court's decision approving the stipulation by which the Estates retained Special Counsel, No. 18-11668-CSS, D.I.

76, constitutes unshakable "law of the case." (Mot. at 15-16). But that doctrine is doubly inapplicable.

For starters, the law of the case doctrine only "applies to issues that were actually discussed by the court in the prior appeal [and] to issues decided by necessary implication." *Schultz v. Onan Corp.*, 737 F.2d 339, 345 (3d Cir. 1984) (quotation marks omitted). Here, the District Court's decision was limited to two issues: (i) whether the settlement between the Estates and 23 Capital "was superior to the lowest range of reasonableness," pursuant to Federal Rule of Bankruptcy Procedure 9019, 2020 WL 564903 at *4-6, and (ii) whether the retention of Special Counsel posed an "actual conflict of interest," pursuant to 11 U.S.C. § 327(c), *id.* at *8-9—each determined as of the date the stipulation was submitted for this Court's approval, in October 2018. A wholly different question prompted this Court's order of February 17, 2022: whether in the intervening three and a half years, "a conflict has arisen" "as key terms of the Stipulation have been renegotiated, and 23 Capital's improper behavior in connection with the Goodwin Entities Transaction has come to light," which would require Special Counsel's disqualification under both of 11 U.S.C. § 327(a) and (c). (D.I. 296, ¶ 22). The District Court could not and did not address these issues, which were unearthed only after a trial on liability and subsequent evidentiary hearing. *Id.* ¶ 31 ("However, circumstances have changed. Due to the Court's vacatur of summary judgment . . . and subsequent findings of fraud after trial (including possible suspect behavior by 23 Capital), an actual conflict of interest with respect to Special Counsel's representation of both 23 Capital and the Trustee has materialized.").

In any event, the law of the case "doctrine is not a 'barrier to correction of judicial error.'" *Schultz*, 737 F.2d at 345. To the extent this Court's order disqualifying Special Counsel from further representing the Trustee and 23 Capital in this matter due to a present, actual conflict

reflects a reconsideration of the Court's earlier decision (and as explained above, it does not), such further judicial action is warranted to correct a "clearly erroneous" determination which "would work a manifest injustice." *Id.* (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

*Second*, the Movants contend that this Court's order impermissibly abridged Disqualified Counsel's due process rights. (Motion at 16-19). This argument appears to follow from the Movants' presumption that the Court imposed "sanctions," either under 11 U.S.C. § 105 or Federal Rule of Bankruptcy Procedure 9011. (Motion at 17-18). A careful review of the order at issue reveals that no such sanctions were imposed. Instead, consistent with the rule on order to show cause issued on January 4, 2022, (D.I. 272), the Court determined that facts not previously known to the Court revealed an actual, present conflict of interest between the Estates and 23 Capital. (D.I. 296, ¶¶ 31-32). That determination entailed certain legal consequences, including disqualification of counsel and disgorgement of disallowed legal fees and expenses. *Id.* at 35-37. Such matters were fully briefed and argued by Movants, who cannot reasonably contend that they did not anticipate the consequences of Special Counsel's conflicted representation.

*Third*, the Movants argue that this Court erred in finding that a conflict of interest existed as between 23 Capital and the Estates. (Motion at 20-23). At bottom, the Movants insist that the Court abused its discretion in inferring that "Special Counsel was . . . negotiating with itself" with respect to the stipulation between 23 Capital and the Estates. (Motion at 20). In fact, the testimony offered in open court bolsters this Court's finding. (D.I. 295, 88:4-89:13 (D. Carickhoff cross); 29:3-17 (P. Fitzmaurice cross)). The Court was well within its discretion to infer, from findings of fact rendered after trial and/or the evidentiary hearing and argument on the order to show cause, that Special Counsel's conduct revealed counsel's interests to be in conflict with those of the Estates.

*Fourth*, the Movants argue that "[t]o the extent Special Counsel's disqualification was predicated on [11 U.S.C.] Section 328(a)," the Court lacked authority to issue the order. (Motion at 23-25). The Movants' argument (while misguided for myriad reasons, including those discussed in the Goodwins' response to Special Counsel's brief with respect to the order to show cause, D.I. 280), is entirely inapposite. This Court's order clearly identifies a different set of statutory authorities, 11 U.S.C. § 327(a) and (c), for the disqualification of Special Counsel and attendant disgorgement of disallowed fees and vacatur of the stipulation between the Estates and 23 Capital. (D.I. 296, ¶¶ 23-29).

*(2) The Movants Will Not Be Irreparably Injured Absent a Stay.* The Movants' insistence that they "will suffer irreparable harm if a stay pending appeal is not granted," (Motion at 26), both misapplies this Circuit's precedents and strains credulity. As the Third Circuit recently explained in the analogous context of a preliminary injunction: "When it comes to the second factor, irreparable harm, '[t]he law . . . is clear in this Circuit: In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.'" *Siemens USA Hldgs. Inc v. Geisenberger*, 17 F.4th 393, 407-08 (3d Cir. 2021) (quoting *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 223, 226 (3d Cir. 1987)); *see Frank's GMC Truck Ctr., Inc. v. Gen. Mot. Corp.*, 847 F.2d 100, 102 ("[A] purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement.").

Far from "irreparable," the potential inconveniences to which the Movants allude are entirely economic. Thus, the Trustee contends that absent a stay, he "will be forced to have replacement counsel try a damages and equitable subordination trial on a few weeks' notice," (Motion at 26), while 23 Capital notes that by virtue of this Court's order vacating the settlement

agreement with the Estates, it will have to "absorb its legal fees as sunk costs." (Motion at 27). In other words, the Movants contend that they will be out money.

Of course, such claims of economic harm are far from sufficient to satisfy the requisite showing of irreparable harm. *See, e.g.*, *Frank's GMC Truck Ctr.*, 847 F.2d at 102 ("[W]e do not believe that loss of income alone constitutes irreparable harm." (quotation marks omitted)). Moreover, the Trustee's claim is belied both by his bankruptcy counsel Archer & Greiner, P.C.'s substantial involvement in the present matter (including, without limitation, Mr. Root's service of discovery requests and request to be served with the Goodwins' expert report on damages), *see* Decl. ¶¶ 2-3, and his representation to the Court that "Special Counsel has begun transitioning the file." (Motion at 27). For its part, 23 Capital's suggestion that "the Disqualification Order forces 23 Capital to absorb its legal fees as sunk costs," (Motion at 27), is belied by the order itself, which provides that disallowed fees and expenses paid to Disqualified Counsel "may be subject to disgorgement to the payor." (D.I. 296, ¶ 37).

*(3) Issuance of a Stay Will Substantially Injure the Goodwins.* "Aaron and Eric Goodwin did nothing wrong . . . ." (D.I. 270 at 1). Yet they will pay the price for any stay, which will simply prolong the devastating harms wrought by the Movants (and their legal predecessors), while delaying the final resolution of this matter needed for the Goodwins to resume some semblance of their pre-Decade lives and livelihoods. The Goodwins' need for finality (particularly *after* this Court has already found in their favor as to liability) clearly outweighs any purported harm to the Movants or Disqualified Counsel. *See In re Revel*, 802 F.3d at 569.

*(4) A Stay Is Not in the Public Interest.* The public interest favors redress for the victims of fraud. It does not favor delay for the benefit of the perpetrators and abettors of fraudulent conduct. Moreover, any consideration of "judicial economy," (Motion at 29), would favor a swift

8

resolution of the damages trial, as opposed to the serial litigation of appeals in the absence of a final judgment.

*(5) Any Stay Should Be Conditioned on the Posting of a Bond.* For the reasons discussed *supra*, a stay is entirely inappropriate and would severely prejudice the Goodwins. Insofar as this Court nonetheless orders a stay pending appeal, it should require the posting of a bond to protect the Goodwins against the risk of further potential harm. *See* Fed. R. Bankr. P. 8007(c); *In re Tribune Co.*, 477 B.R. 465, 478-83 (Bankr. D. Del. 2012) (conditioning stay pending appeal from order confirming Chapter 11 plan of debtors whose media enterprise had previously been valued at over $7 billion on the posting of $1.5 billion bond). In determining the appropriate amount of the bond, this Court should consider, among other harms, the Goodwins' anticipated damages, lost opportunity costs, and downside risks. *Id.* at 480-83.

\*\*\*

Applying each of the factors set forth by the Third Circuit, a stay pending appeal is unwarranted and manifestly unfair to the victims of the underlying fraudulent conduct.[2]

---

[2] Additionally, Disqualified Counsel's filing of the present Motion on behalf of 23 Capital plainly violates this Court's order. (D.I. 296, ¶ 35 ("Special Counsel is hereby disqualified from further representing the Trustee and 23 Capital in connection with this litigation.")). Unlike the cases identified by the Movants, here, Disqualified Counsel is engaging in further motion practice before the very court and in the very proceeding from which counsel was disqualified. *Cf. In re BH & P, Inc.*, 949 F.2d 1300 (3d Cir. 1991) (denying *appeal* taken by disqualified counsel); *Nw. Nat'l Ins. Co. v. Insco, Ltd.*, 866 F. Supp. 2d 214 (S.D.N.Y. 2011) (denying motion to stay disqualification of counsel in a pending *arbitration*). Under such circumstances, this Court would be within its authority to strike 23 Capital's motion papers, pending evaluation and (to the extent authorized and otherwise appropriate) re-filing by non-conflicted counsel. *See* Fed. R. Bankr. P. 9011(a) ("An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.").

**CONCLUSION**

For the reasons set forth above, this Court should deny the Motion in its entirety.

Dated: March 10, 2022　　　　　**THE ROSNER LAW GROUP LLC**
　　　　　Wilmington, Delaware

By: */s/ Jason A. Gibson*
Frederick B. Rosner (DE 3995)
Jason Gibson (DE 6091)
824 Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
rosner@teamrosner.com
gibson@teamrosner.com

-and-

**PERKINS COIE LLP**
Keith Miller, Esq. (admitted *pro hac vice*)
Adam Mandelsberg, Esq. (admitted *pro hac vice*)
1155 Avenue of the Americas, 22nd Floor
New York, NY  10036-2711
Telephone: (212) 262-6900
KeithMiller@perkinscoie.com
AMandelsberg@perkinscoie.com

*Counsel to Aaron Goodwin and Eric Goodwin*