# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| DECADE. S.A.C., LLC, et. al., ) | |
| ) | Case No. 18-11668 (CSS) |
| Debtors. ) | (Jointly Administered) |
| _____ ) | |
| DAVID W. CARICKHOFF., solely in his ) | |
| capacity as chapter 7 trustee for the estates of ) | |
| DECADE, S.A.C., LLC., et al., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. Proc. No.: 19-50095 (CSS) |
| ) | **Related Docket Nos.: 62, 81, 295** |
| AARON GOODWIN, and ERIC GOODWN, ) | |
| ) | |
| Defendants. ) | |

## ORDER

WHEREAS, on October 15, 2018, David W. Carickhoff, the Chapter 7 Trustee of the Debtors' Estates (the "Trustee"), filed the *Motion of Chapter 7 Trustee for Approval of Stipulation by and Between 23 Capital Limited (f/k/a XXIII Capital Limited) and David W. Carickhoff, in his Capacity as Chapter 7 Trustee for the Estates of Decade S.A.C., LLC and Gotham S&E Holding, LLC, Pursuant to 11 U.S.C. § 105(a) and Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "Motion to Approve Compromise");[1]

WHEREAS, Exhibit A to the Motion to Approve Compromise attached the Stipulation by and between the Trustee and 23 Capital Limited ("23 Capital"), which provided for the retention of Ashby & Geddes, P.A. ("Ashby") and Troutman Sanders

---

[1] D.I. 61.

LLP ("Troutman")[2] as Special Counsel to "investigate and prosecute certain claims under the Bankruptcy Code and applicable state law on behalf of the Debtors' Estates";[3]

WHEREAS, on October 15, 2018, the Trustee also filed the *Application for An Order (I) Authorizing The Retention And Employment Of Ashby & Geddes, P.A. And Troutman Sanders LLP As Special Litigation Counsel To The Chapter 7 Trustee And (II) Waiving Certain Information Requirements Pursuant to Local Rule 2016-2(h)* (the "Troutman Retention Application");[4]

WHEREAS, on November 5, 2018, the Court approved the Motion to Approve Compromise and the Stipulation attached thereto as Exhibit A;[5]

WHEREAS, on November 13, 2018, the Court approved the Troutman Retention Application (the "Troutman Retention Order"),[6] thereby authorizing the Trustee to employ and retain Troutman as Special Litigation Counsel pursuant to 11 U.S.C. §§ 327(a) and 328 for the purpose of investigating, prosecuting, and settling claims as set forth in the Stipulation;[7]

---

[2] Troutman Sanders LLP and Pepper Hamilton LLP merged on April 1, 2020. The Court's reference to Troutman throughout this Order and its rulings will therefore refer to the new firm, Troutman Pepper Hamilton Sanders LLP. *See* Press Release, Troutman Sanders and Pepper Hamilton Announce Plan to Combine (Jan. 9, 2020), available at www.troutman.com/insights/troutman-pepper.html#:~:text=NEW%20YORK%20%28January%209%2C%202020%29%20---%20Troutman%20Sanders,1%2C100%20attorneys%20in%2023%20cities%20across%20the%20country.

[3] *Id.*, Exh. A ¶ ¶ 2-3.

[4] D.I. 62.

[5] D.I. 76.

[6] D.I. 81.

[7] D.I. 76. The Stipulation at ¶ 5 defines the claims for which Special Counsel was retained to investigate, prosecute, and/or settle.

WHEREAS, Troutman acted as Special Counsel to the Trustee from November 13, 2018 through August 27, 2020[8] in accordance with the terms of the Troutman Retention Order;

WHEREAS, on September 14, 2020, Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury Winthrop") was substituted for Troutman as Special Counsel;[9]

WHEREAS, on February 17, 2022, the Court vacated approval of the Stipulation and Orders retaining Special Counsel, Ashby and Pillsbury Winthrop, with prejudice, and required Ashby and Pillsbury Winthrop to file fee applications for the Court's review pursuant to 11 U.S.C. § 328(c);[10]

WHEREAS, Troutman did not file fee applications with the Court for its review during the time that it acted as Special Counsel;

WHEREAS, 11 U.S.C § 328 permits the Court to review Troutman's fees, as Troutman was retained as Special Counsel on behalf of the Trustee and, thus, the Debtors' Estates; accordingly, any fees must be approved by the Court, regardless of their source;

WHEREAS, the Court expressly retained jurisdiction over the implementation of the Troutman Retention Order;[11]

---

[8] *See* D.I. 223 (Troutman Pepper Hamilton Sanders LLP's *Notice of Withdrawal of Counsel*).

[9] D.I. 225.

[10] D.I. 295.

[11] D.I. 76 ¶ 6.

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1.  Troutman must file fee applications with the Court, retroactive to the date of the Troutman Retention Order, through August 27, 2020, the date of its *Notice of Withdrawal as Counsel*, within twenty (20) days of the date of this Order for the Court's review under 11 U.S.C. § 328. All fees and expenses already paid to Troutman that are not ultimately allowed by the Court, from whatever source, may be subject to disgorgement to the payor, as Troutman represented the Trustee from November 13, 2018 through August 27, 2020, the Court has never reviewed nor approved such fees and expenses, and such fees and expenses must be approved by the Court, pursuant to 11 U.S.C. § 328.

2.  The Court retains jurisdiction in connection with this Order and all matters related thereto.

Dated: March 11, 2022

Christopher S. Sontchi
United States Bankruptcy Judge