IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DECADE, S.A.C., LLC, *et al.*, | ) | Case No. 18-11668 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| DAVID W. CARICKHOFF, solely in his | ) | |
| capacity as chapter 7 trustee for the estates of | ) | |
| DECADE, S.A.C., LLC, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 19-50095 (JKS) |
| | ) | |
| AARON GOODWIN and ERIC GOODWIN, | ) | |
| | ) | **Related D.I. 332, 337 and 338** |
| Defendants. | ) | |
| _____ | ) | |

## OPINION

Before the Court is the issue of the legal entitlement to damages which was bifurcated from the underlying trial. The Trustee filed a declaratory judgment action to determine who owned the shares of Goodwin Asset Management Enterprises, Inc. ("GAME") and Goodwin Sports Management, Inc. ("GSM") and, more specifically, whether those assets were property of the Debtors' estates. The defendants Aaron and Eric Goodwin (collectively, the "Goodwins"[1]) opposed the relief sought and asserted counterclaims seeking declaratory relief declaring the contracts invalid. The Goodwins prevailed at trial.

---

[1] The Complaint named Aaron, Regina, and Eric Goodwin as defendants. Adv. D.I. 1. On October 12, 2021, the Court ordered the immediate dismissal, with prejudice, of all claims against Regina Goodwin. Adv. D.I. 230.

The Goodwins now assert that they are entitled to compensatory and punitive damages, which is opposed by the Trustee. For the reasons set forth below, the Court finds that under Rule 7013 of the Federal Rules of Bankruptcy Procedure, the Goodwins are not precluded from seeking monetary damages based on their claims against the Debtors. However, as explained herein, the Court need not conduct a trial on damages. Any such prepetition damage claims are claims against the Debtors' estates to be reconciled in the claims administration process.

## JURISDICTION

This Court has subject matter jurisdiction over the present adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District, pursuant to 28 U.S.C. §§ 1408 and 1409. Furthermore, this Court retained jurisdiction over this dispute in the Order on the Goodwins' Motion to Bifurcate Issues of Liability and Damages at Trial, entered on October 29, 2021.[2]

## PROCEDURAL BACKGROUND[3]

On July 16, 2018 (the "Petition Date"), Decade, S.A.C., LLC and its affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

On January 23, 2019, David W. Carickhoff, solely in his capacity as chapter 7 trustee (the "Trustee") for the estates of the Debtors, commenced the above-captioned adversary proceeding

---

[2] Adv. D.I. 259 (the "Bifurcation Order") granting Adv. D.I. 246 (the "Bifurcation Motion").

[3] The factual record was developed at trial and recited in *Carickhoff v. Goodwin (In re Decade, S.A.C., LLC)*, 635 B.R. 735 (Bankr. D. Del. 2021) (the "Declaratory Judgment Opinion"). The Court adopts the factual record *in toto*. Capitalized terms not defined herein will have the meaning ascribed to them in the Declaratory Judgment Opinion.

by filing the Complaint for Declaratory Judgment Determining Property of the Debtors' Estates.[4] The Trustee asserted two claims for relief: (i) a declaratory judgment that the sale of shares in GAME and GSM were validly consummated pursuant to a share purchase agreement between certain of the Debtors and the Goodwins (the "SPA") and that Decade S.A.C. Contracts, LLC is thereby the rightful owner of all shares in those companies; and (ii) the imposition of a constructive trust over any valid GAME and/or GSM shares held by the Goodwins and, pursuant to 11 U.S.C. § 542(a), turnover of such shares to the Trustee.

On February 25, 2019, the Goodwins filed the Answer with Counterclaims and Affirmative Defenses to Trustee's Complaint for Declaratory Judgment (the "Answer").[5] The Goodwins asserted four counterclaims: (i) fraud in the execution; (ii) fraudulent misrepresentation; (iii) fraudulent inducement; and (iv) declaratory judgment that the SPA is unenforceable due to, *inter alia*, (a) a lack of meeting of the minds as to the terms of the parties' agreement, (b) the Debtors' failure to satisfy required closing conditions, and (c) the Debtors' material breach of the SPA.

On March 18, 2019, the Trustee filed the Answer to Defendants' Counterclaims with Defenses.[6]

---

[4] Adv. D.I. 1.
[5] Adv. D.I. 7.
[6] Adv. D.I. 21.

On August 23, 2019, the Trustee filed the Motion for Summary Judgment[7] requesting the Court grant the Trustee's claim for a declaratory judgment and dismiss each of the Goodwins' counterclaims.

On January 29, 2020, the Court denied the Trustee's summary judgment motion as to his claim for a declaratory judgment and granted the motion as to the Goodwins' counterclaims, dismissing the counterclaims for fraud in the execution, fraudulent misrepresentation, and fraudulent inducement (the "Summary Judgment Opinion and Order").[8]

The Court conducted a trial on October 12, 13, 14, 15, 26, and 28 and November 16, 2021.

On the second day of trial, October 13, 2021, the Court ordered the immediate vacatur of its Summary Judgment Opinion and Order, and further ordered that the trial proceed on the merits of the complaint and all counterclaims, including those previously dismissed.[9]

On October 22, 2021, the Goodwins filed the Bifurcation Motion,[10] and argued that "the counterclaims sounding in fraud would, if established, entitle the Goodwins to compensatory and/or punitive damages under applicable law. *See* Cal Civ. Code §§ 1709, 3294."[11]

On October 29, 2021, the Court entered the Bifurcation Order, which provided, in part:

> *if* the Court finds liability on behalf of the plaintiff on his claims *or* the defendants on their counterclaims; the Court will schedule a

---

[7] Adv. D.I. 86.
[8] Adv. D.I. 132 and 133.
[9] Adv. D.I. 232.
[10] Adv. D.I. 246.
[11] Adv. D.I. 246 at p 2.

trial on damages, if any,[2] to be awarded at a time of mutual convenience to the Court and the parties.[12]

On December 27, 2021, the Court entered its opinion and order (the "<u>Declaratory Judgment Opinion</u>") finding in favor of the Goodwins on all their counterclaims and against the Trustee on his claims for declaratory judgment.[13] Thereafter, the Court held the adversary proceeding in abeyance due to Judge Sontchi's pending retirement[14] and the Debtors' cases were subsequently reassigned.[15]

## **ARGUMENTS**

On July 26, 2022, this Court held a status conference and requested additional briefing addressing the Goodwins' legal entitlement to damages.[16]

In their briefs, the Goodwins argue that Judge Sontchi "expressly authorized both compensatory and punitive damages from the Estates" on each of their counterclaims sounding in fraud and that the amount to be awarded to the Goodwins would be "determined at a separate trial."[17] Contrary to the Trustee's assertion, the Goodwins argue that they are entitled, under California law, to both void the SPA and obtain monetary damages.[18] More specifically, the

---

[12] Adv D.I. 259 at p. 2 (italics emphasis supplied).

[13] *In re Decade, S.A.C., LLC*, 635 B.R. at 735.

[14] Adv. D.I. 316.

[15] Adv. D.I. 320.

[16] The Court stated: "I would like the parties to address, as a legal matter, what damages, *if any*, the Goodwin's are entitled to. Whether this be monetary damages, compensatory and punitive, subordination, attorneys' fees. It's not clear to me exactly what damages are being sought. And the opinion [Declaratory Judgment Opinion] references subordination of claims, but I'm not clear whether you're seeking that, but if so, now's the time to address it. So, what I am, essentially, looking for is a brief on the legal issue of damages, not facts. We can get to the facts after that. And depending on briefing of []legal damage issues, like I said, we'll re-visit the issue of the actual facts . . ." Adv. D.I. 336 (Hr'g Tr. July 26, 2022 at 12:1-13) (emphasis added). *See also id.* at 13:12-18 and 15:16-19. Additional briefing filed at Adv. D.I. 332, 337, and 338.

[17] Adv. D.I. 332 at 1.

[18] Adv. D. I. 338 at 3.

5

Goodwins now seek damages for the harms caused by the fraud found by the Court, including lost profits, lost corporate opportunities, and lost employment opportunities. Under California law, the Goodwins assert they are entitled to punitive damages on each of their counterclaims.[19]

The Trustee argues that "the Goodwins never pled or otherwise timely sought compensatory or punitive damages and they never moved for leave to amend their pleadings," and are limited to the declaratory relief set forth in the Declaratory Judgment Opinion ("namely a declaration that the [SPA] is void due to fraud").[20] In support of his argument, the Trustee notes the prayer for relief set forth in the Answer did not seek compensatory damages,[21] the Goodwins' initial disclosures stated "the Goodwins are not currently claiming damages in this adversary proceeding, but reserve the right to seek to recover their costs and/or attorneys' fees incurred in connection with the defense of this action to the extent permitted by law,"[22] and at trial, counsel

---

[19] Adv. D.I. 338 at 4.

[20] Adv. D.I. 337 at 3.

[21] In the prayer for relief, the Goodwins' requested:

    A. A declaratory judgment:

    (i) finding that Debtors engaged in fraud in the execution of the False Contract;

    (ii) in the alternative, findings that Debtors obtained the Goodwins' signature to the False Contract by fraudulent misrepresentation;

    (iii) in the alternative, finding that Debtors fraudulently induced the Goodwins to enter into the False Contract;

    (iv) in the alternative, finding that the False Contract is unenforceable because there was no meeting of the minds between Decade on the one hand and the Goodwins and the Goodwin Entities on the other hand;

    (v) awarding the Goodwins attorney's fees, costs and expenses incurred herein; and

    (vi) for such other and further relief as the Court deems just and proper.

Adv. D.I. 7 at pp. 30-31.

[22] *See* Adv. D.I. 12. *See also* Adv. D.I. 337 at Ex. A (Aaron Goodwin's, Regina Goodwin's, and Eric Goodwin's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) at p. 4 (emphasis added)).

for the Goodwins acknowledged that they were not seeking damages.[23] In addition, the Trustee argues that the Goodwins' failure to plead monetary damages with specificity, as required by California law, bars the recovery of compensatory or punitive damages and attorneys' fees.[24] Lastly, the Trustee contends that a trial would be premature and improper at this time.[25]

In reply to the Trustee's argument that monetary damages were never timely sought, the Goodwins argue they (i) timely moved to bifurcate, (ii) plainly alleged damages on the face of their pleading as to each counterclaim sounding in fraud, and (iii) even if their pleadings did not sufficiently demand damages, the law of the Third Circuit requires that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."[26]

## ANALYSIS

Preliminarily, the Court reviews the Bifurcation Order and Declaratory Judgment Opinion that serve as the starting point for resolving this dispute.

### A. Bifurcation Order Acknowledges Potential Dispute

The Bifurcation Order provided: "*if* the Court finds liability on behalf of the plaintiff on his claims *or* the defendants on their counterclaims; the Court will schedule a trial on damages, if any,² to be awarded at a time of mutual convenience to the Court and the parties."[27] Footnote 2

---

[23] *See* Adv. D.I. 234 (Oct. 13, 2021 Trial Tr., at 31:6-32:8).

[24] Adv. D.I. 337 at 11-12.

[25] Adv. D.I. 337 at 13.

[26] Adv. D.I. 338 at 7-8 (*citing Francois v. Francois*, 599 F.2d 1286, 1294 (3d Cir. 1976) (*applying* Fed. R. Civ. P. 54(c)).

[27] Adv D.I. 259 at p. 2 (italics emphasis supplied).

of the Bifurcation Order is telling – the footnote cites cases allowing damages when not specifically requested in the prayer for relief **and** cases not allowing for damages that were not specifically requested in the prayer for relief. In other words, Judge Sontchi acknowledges a potential dispute as to whether the Goodwins were entitled to request damages and decided to hear that dispute, if any, **after** ruling on the validity of the Goodwin Contracts.[28]

### B. Declaratory Judgment Opinion Acknowledges that the Goodwins May Seek Monetary Damages

The Trustee asserts, based on the Bifurcation Order, that the entire issue of damages should be decided based on the Goodwins' asserted counterclaims. The Trustee contends that the Goodwins have only sought declaratory relief, attorneys' fees and costs and, in over three years of litigation, have never pleaded or otherwise timely sought compensatory or punitive damages. In addition, the Trustee maintains that California law does not support an award of monetary damages to the Goodwins.

The Goodwins' Answer raised four counterclaims seeking various declarations of unenforceability. The Goodwins now assert additional theories of liability based, in part, on the Declaratory Judgment Opinion.[29] The Goodwins argue that Judge Sontchi's Declaratory Judgment Opinion expressly authorized both compensatory and punitive damages from the

---

[28] Judge Sontchi reiterates this damages dispute in the Order denying the Trustee's and 23 Capital's request for a stay of all proceedings pending appeal wherein the Court says it had previously scheduled a trial on the issue of damages. Adv. D.I. 316 ("The trial . . . the court previously scheduled regarding the *issues*" of damages and subordination. *Id.* at ¶ 2 (emphasis added)).

[29] Although not formally pleaded, the Goodwins now seek damages for the harms caused by the fraud found by the Court, including lost profits, lost corporate opportunities, and lost employment opportunities because of the fraud, and, under California law, to punitive damages on each of their counterclaims sounding in fraud. Adv. D.I. 338 at 4.

estates.[30] In addition, the Goodwins assert that the Declaratory Judgment Opinion includes and entitles the Goodwins to a further trial as to damages.[31] The Court disagrees.

The Declaratory Judgment Opinion states that the "Goodwins are entitled to seek" compensatory and punitive damages **not** that they were authorized or awarded damages in an amount to be determined.[32] To rule otherwise would contradict the Bifurcation Order that expressly reserves all issues on the entitlement to damages until after the trial on liability.

The trial having concluded, and the Declaratory Judgment Opinion entered, the issue of damages is ripe for disposition.

---

[30] Adv. D.I. 332 (*citing In re Decade, S.A.C., LLC*, 635 B.R. at 763 ("the Goodwins are entitled to seek compensatory damages from the Estates to redress any damages they sustained because of the Debtors' fraud in the execution of the Employment Agreements." (citations omitted)); *id.* ("The Goodwins are also entitled to seek punitive damages from the Estates with respect to the Debtors' fraud in the execution of the Employment Agreements." (citations omitted)); and *id.* at 766 and 768).

[31] *In re Decade, S.A.C., LLC*, 635 B.R. at 740 (footnote omitted) ("The Court will conduct a further trial as to damages and equitable subordination.") and at 775 ("The Court will convene a trial to determine the amount of compensatory and punitive damages to be awarded to the Goodwins and whether to subordinate the claims of 23 Capital (and its successor and assigns) to the claims of the Goodwins;" "Judgment is reserved pending trial on damages and equitable subordination.").

[32] The Goodwins also point to the conclusion paragraph of the Opinion which states: "The Court will convene a trial to determine the amount of compensatory and punitive damages to be awarded to the Goodwins and whether to subordinate the claims of 23 Capital (and its successor and assigns) to the claims of the Goodwins at the earliest convenience of the Court." *In re Decade, S.A.C., LLC*, 635 B.R. at 775. The Conclusion is not legal analysis, nor was it necessary to Judge Sontchi's holding. Dictum is defined as "[a] judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case." Black's Law Dictionary (7th ed.1999) (defining "obiter dictum"). *See New Castle Cnty., Del. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 174 F.3d 338, 346 (3d Cir. 1999) ("[W]e are not bound by this dicta, although we may consider it in our analysis if we deem it appropriate."); *Kyle v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 819 F.2d 139, 143 (6th Cir. 1987) (a court's opinion "may be viewed as dictum since it was not necessary to the court's holding").

The Order accompanying the Opinion, referring to the Bifurcation Order, states: "The Court will convene a trial to determine the amount of compensatory and punitive damages to be awarded to the Goodwins . . ." and requests a scheduling order within fourteen days. *See* Adv. D.I. 271 at ¶ 3. Again, no further detail or, more importantly, analysis is provided to give the Court guidance as to whether the legal entitlement to damages analysis was ever performed.

### C. Bankruptcy Rule 7013 Allows Additional Claims to Be Filed Separately

Having carefully considered the record and rulings in this adversary proceeding, as well as the briefs submitted by the parties, and after analyzing the newly asserted monetary damage claims exhaustively, the Court finds that it does not need to decide whether the Goodwins are asserting "new claims" or whether they are seeking monetary damages based on their counterclaims.

Rule 13 of the Federal Rules of Civil Procedure, as incorporated in Federal Rules of Bankruptcy Procedure, Rule 7013, provides that a counterclaim must be raised or waived if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim[,] and ... does not require adding another party over whom the court cannot acquire jurisdiction."[33] All other counterclaims are permissive.[34]

However, the preface of Bankruptcy Rule 7013 provides an exception to its incorporation of Civil Rule 13 that applies here:

> [A] party sued by a trustee or debtor in possession need not state as a counterclaim any claim that the party has against the debtor, the debtor's property or the estate, unless the claim arose after the entry of an order for relief.[35]

Thus, a counterclaim that would normally be compulsory is permissive in the bankruptcy context when the counterclaimant is being sued by the trustee and the counterclaim arose prepetition.[36] As interpreted by the Delaware District Court:

---

[33] Fed. R. Civ. P. 13(a)(1).
[34] Fed. R. Civ. P. 13(b).
[35] Fed. R. Bankr. P. 7013.
[36] *Depaola v. Sleepy's LLC (In re Pro. Facilities Mgmt. Inc.)*, No. 14-31095-WRS, 2015 WL 6501231, at *4 n. 5 (Bankr. M.D. Ala. Oct. 27, 2015). *See also Nat'l Promoters & Servs., Inc. v. Multinational Life Ins. Co. (In re Nat'l*

> Under Bankruptcy Rule 7013, however, when a debtor brings an adversary proceeding against a party, that party need not assert a counterclaim against the debtor even if it would have been compulsory under Fed.R.Civ.P. 13(a) 'unless the claim arose after the entry of an order for relief.' Courts have nearly uniformly interpreted Rule 7013 to mean that a counterclaim asserted in an adversary proceeding by a party sued by a trustee or debtor in possession is not compulsory if the claim arose prepetition and is compulsory if the claim arose postpetition.[37]

Here, *even if* the Goodwins' claims for monetary damages are compulsory counterclaims – the litigation was commenced by the Trustee and the Goodwins' damage claims arose prepetition. Thus, under Bankruptcy Rule 7013, the Goodwins may now assert additional claims against the Debtors' property or the estates. As a result, the Goodwins may seek damages beyond the declaratory relief sought in their Answer.[38]

### D. Claims Administration and Reconciliation Process is the Appropriate Forum for the Goodwins' Claims for Compensatory and Punitive Damages[39]

Before scheduling a damages trial, the Court must be practical and consider the prepetition nature of the Goodwins' claims and the economic realities of these bankruptcy cases.

The Trustee represents that the Debtors' estates have less than $18,000 and are administratively insolvent at this time.[40] Although unreconciled, there are over $13 million

---

*Promoters & Servs. Inc.)*, Case No. 12-1076, 2020 WL 1685755, *10 (Bankr. D.P.R. Apr. 6, 2020) ("In bankruptcy practice, Rule 7013 of the Federal Rule of Bankruptcy Procedure abrogates the concept of a compulsory counterclaim with respect to counterclaims that are prepetition in nature. If pleaded as a counterclaim rather than as a defense, setoff provides the basis for a permissive counterclaim.").

[37] *NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 909 (D. Del. 1996) (citations omitted).

[38] Although the issue of attorneys' fees was squarely raised in the Answer, it too is a portion of any claim the Goodwins may have against the estates and will be decided in the claims administration process.

[39] The deadline to file pre-petition claims against the Debtors' estates was March 11, 2019. *See* D.I. 91 (Notice That There are Assets From Which a Dividend Might Possible Be Paid to Creditors). According to the claims register, Eric and Aaron Goodwin filed Claim No. 5 and 6, respectively (collectively, the "Goodwin Claims"). The Court is not deciding or valuing the Goodwin Claims, the ability to amend such claims, or the merits of such claims herein. The Court expressly reserves all parties' arguments and defenses related to the Goodwin Claims.

[40] *See* Adv. D.I. 337 at p. 13.

unsecured claims asserted against the lead Debtor, Decade, S.A.C., LLC, not including the Goodwin Claims. The Trustee contends that it is unlikely that there will be a meaningful distribution to general unsecured creditors and that there will never be any distribution on subordinated punitive damage claims.[41] The Trustee argues that estate and judicial resources should not be used to liquidate unsecured claims against an administratively insolvent estate.[42]

The Goodwins filed proofs of claim in the bankruptcy cases. Section 502(a) of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects."[43] Absent the Trustee objecting to the Goodwin Claims, these claims are deemed allowed by operation of law.

It would not be prudent for the Trustee or the Goodwins to spend the time and resources required for a trial on damages.[44] Although the Court appreciates that this ruling may not give the Goodwins the closure that they seek, the Court must be mindful of the administrative costs of a damages trial and the corresponding impact on the Goodwins and the other creditors of the administratively insolvent estates. The appropriate remedy to redress damages against the Debtors is the bankruptcy claims allowance process.[45] Thus, the Court will allow the claims

---

[41] *See* Adv. D.I. 337 at pp. 13-14.

[42] Adv. D.I. 337 at 14.

[43] 11 U.S.C. § 502(a).

[44] Despite the Declaratory Judgment Opinion reserving all rights of the Goodwins to a trial on damages (*see, supra* n. 31), as set forth herein, the facts and economics of these cases caution against it.

[45] *Fabiola Toscano v. The RHS Liquidating Trust (In re RS Legacy Corp.)*, No. 15-10197 (BLS), 2017 WL 3837294, at *2 (Bankr. D. Del. Aug. 31, 2017) (*citing Robert Christopher Assoc. v. Franklin Realty Group, Inc. (In re FRG, Inc.)*, 121 B.R. 710, 714 (Bankr. E.D. Pa. 1990) (further citations and quotation marks omitted) ("It is usually improper to assert a monetary claim against a debtor by means of an adversary proceeding in any event. Such causes of action should normally be relegated to the bankruptcy claims process."). Nothing herein precludes the Goodwins from seeking damages from any other parties in other forums.

administration process in these cases to proceed as determined by the Trustee, the fiduciary for all creditors, who is responsible for the administration of these cases and the reconciliation of claims.

## CONCLUSION

In conclusion, Bankruptcy Rule 7013 allows the Goodwins to assert additional prepetition claims against the Debtors' property or estates. The Goodwins' Claims are prepetition claims against the Debtors' estates to be reconciled in the claims administration process.

The Court requests that the parties confer and submit a proposed judgment and/or form of order within 14 days of the date hereof under Certificate of Counsel. If the parties cannot reach an agreement as to a proposed judgment and/or form of order, the parties should submit competing versions under Certificate of Counsel.

Dated: January 13, 2023

_____
J. Kate Stickles
United States Bankruptcy Judge